SÁNCHEZ ET AL. *v*. SOTO NUSSA, DISTRICT JUDGE.

APPLICATION for Writ of *Certiorari.*

No. 41.—Decided May 27, 1908.

ANCILLARY ADMINISTRATION — PROPERTY SITUATED IN PORTO RICO — ABSENT HEIRS.—Although neither the act establishing special legal proceedings approved March 9, 1905, nor the amendments thereto, nor the Civil Code, contain any provision expressly authorizing ancillary administration of an estate of an absent testator, it is evident that section 25 of the act relating to special legal proceedings contemplates that there shall be a judicial administration and the principles of comity taken in connection with said section 25 and section 7 of the Civil Code, would authorize a court here in granting an ancillary administration subsidiary to the domiciliary administration granted in Paris.

ID.—ERROR IN THE NAME OF ONE OF THE PETITIONERS.—The fact that in the petition in the trial court for a judicial administration, as well as in the application for the writ of *certiorari*, and in the subsequent proceedings, a mistake was made in the title, misspelling the name of one of the petitioners, cannot vitiate the proceeding because the error appears. *prima facie* from a perusal of the petition, and the trial court may correct such error or mistake by means of a motion on the part of the petitioner.

CERTIORARI ORDER DENYING ANCILLARY ADMINISTRATION.—An order of a district court denying a petition for ancillary administration is erroneous and must, therefore, be annulled, and a writ of *certiorari* will issue for this purpose.

The facts are stated in the opinion.

*Mr. Cay. Coll Cuchí* for petitioner.

MR. JUSTICE WOLF delivered the opinion of the court.

Antonio Sánchez and Justus Wallerstein made an application to the District Court of Mayagüez setting up, among other things, that Joaquin Sánchez y de Larragoiti, a citizen of the United States and a resident of Páris, France, died

in that city leaving a testament bearing date February 23, 1903, and leaving thereby certain heirs, who are named in the petition; that on the 25th day of July, 1907, the Civil Tribunal of Paris named the petitioners as provisional administrators of the property of the testator, giving them the most ample power and authority to preserve the estate for the payment and recovery of debts and to institute and defend suits in the name of the succession, copy of which order or orders accompany the petition; that upon the death of the testator he possessed in Porto Rico certain real estate, consisting of the building and contents which constitute the Central Azucarera, or known as Altagracia, along with a piece of land of 22 acres, on which it located said central, in the ward of Sabanetas, municipal district of Mayagüez; that the Central Altagracia incorporated is in possession of such property, claiming the right to such possession by reason of a contract made January 18, 1905, between the testator and Don Salvador Castelló, of Mayagüez, which said contract the said Castelló sought to make over to said company; that there is no other property of the said testator in Porto Rico; the petitioners further state that the estate neither receives nor may expect to receive any income from said property because the corporation is in illegal possession, making it necessary to sue for the same as well as for the value of its use and occupation; that petitioners have named Frank H. Dexter as their attorney according to the power of attorney which accompanies petition; that for the protection of the interests of the estate it will be necessary to name an ancillary administrator who, nevertheless, shall remain subordinate to the domiciliary administrators, and the petitioners pray that said Francis H. Dexter be named as ancillary administrator.

The District Court of Mayagüez, on the 29th of January, 1908, decided that the real object of the petition was not the administration of the estate, but to give the petitioner a right

to sue, and that this being so and considering the provisions of the law of 9th of March, 1905, as well as Title III, Chapter I, Book I of the Revised Civil Code, the petition should be denied.

Thereupon the petitioners applied to this court for a writ of *certiorari,* which was issued, and the case was thereupon submitted to us. It was first necessary to incorporate into the record the copies of the orders of the Paris tribunal, which had been submitted to the District Court of Mayagüez and considered by it and an appropriate order of this court was made to that effect.

The case which the petitioners now present is not directly included in any of the provisions of March 9, 1905, or its amendments; nor is any direct provision made therefor in the Civil Code, no mention being made anywhere of ancillary administration. Chapter V of the law of special proceedings makes reference to executors, heirs or creditors, and no mention is made of any other person. Here, however, it is evident from the inspection of the Paris orders that the heirs were all before the Paris tribunal before it named the provisional administrators, the petitioners in this cause. It is also evident that section 25 of the Law of Special Proceedings (see Laws of 1906, p. 165) contemplates that there should be a judicial administration. General heirs, executors or creditors should make the application, but here the administrators represent the heirs. What is sought is an ancillary administration subsidiary to the domiciliary administration, administrators having been named to the domicile of the testator. If there were no other authority the principles of comity taken in connection with said section 25 and section 7 of the Civil Code would authorize a court here in granting the administration as prayed. However, the court below alleged that the object of the petition is litigation and not administration. But if the property of the petitioners is withheld from

them, as they allege, they have a right to sue for the same. In no other way can they gain peaceful possession of their alleged property against the opposition of other persons. The petition to the Mayagüez court in this respect is not as clear as it might be, and the rights of the decedent might have been set out with a little more definiteness. Nevertheless the petition sets up property rights in Porto Rico, of which the decedent's estate is denied the possession, and we think there is enough therein to justify the grant of ancillary administration, subordinate to the principal or domiciliary administration. And this condition of things is not altered by the fact that in the petition in the court below for a judicial administration, as well as in the petition to this Supreme Court and elsewhere, a mistake has been made in the title in designating one of the petitioners with the name of Julius Wallestein when his true name is Justus Wallerstein as such error appears *prima facie* from a perusal of the petition for ancillary judicial administration and cannot, therefore, vitiate the proceeding especially as the court below may correct such error or mistake by means of a motion on the part of the petitioners. The order of the District Court of Mayagüez refusing to grant letters must therefore be annulled and all the papers should be returned to that court with instructions to vacate its said order and for other proceedings in the case not inconsistent with the opinion herein.

*Petition granted.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice MacLeary dissented.